Argued June 7; reversed June 26, 1934

STATE *v.* WOLFE

(34 P. (2d) 304)

*W. P. Myers,* of Klamath Falls, for appellant.

*T. R. Gillenwaters,* District Attorney, of Klamath Falls (D. E. Van Vactor, Deputy District Attorney, and Hardin C. Blackmer, both of Klamath Falls, on the brief), for the state.

RAND, C. J. The defendant, George W. Wolfe, has been again tried and convicted of the crime of robbery, being armed with a dangerous weapon, and has again appealed. Upon his first conviction, the judgment was reversed in *State v. Wolfe,* 141 Or. 174 (17 P. (2d) 314), for error in the admission of evidence.

It appears from the bill of exceptions certified to by the trial judge that upon the last trial:

"After the jury was examined for cause and after the parties interposed their peremptory challenges and accepted the jury, the Court, without request by

the State, in open court and without swearing the jury to try the cause, and without notice to defendant that it so intended to do, dismissed the jury for one week and continued the cause for said time, and all this over the objection and exception of defendant, and said jury was permitted to separate and go at large without caution or oath; and thereafter and on the —— day of September, 1933, said jury was reassembled and sworn to try the cause without any opportunity on the part of defendant to reexamine said jury, and all this over the objection and exception of defendant.''

There is no provision in the statute which authorizes the circuit court in a criminal action to draw a jury, have them examined as to their qualifications and, after they have been accepted, to postpone the trial for one week, permit the jury to separate without being sworn and, upon their being reassembled at the expiration of that period, to then administer the oath and refuse to permit the attorney for the state or for the defendant to make a further examination of them to determine whether or not anything had occurred after their first examination which would disqualify them from serving as jurors in the case.

When these things are done over the objection and exception of the defendant, and are certified to by the trial court, we think they constitute reversible error. In the trial of causes there is a wide discretion vested in the trial court but we think that the proceedings as detailed above constitute an abuse of discretion which requires this court to reverse the judgment and remand the cause to the court below for another trial.

Section 2-201, Oregon Code 1930, provides: ''When the action is called for trial the clerk shall draw from the trial jury box of the court, one by one, the ballots

containing the names of the jurors until the jury is completed", etc. Section 2-216 provides:

"As soon as the number of the jury has been completed, an oath or affirmation shall be administered to the jurors, in substance that they and each of them will well and truly try the matter in issue between the plaintiff and defendant, and a true verdict give according to the law and evidence as given them on the trial."

It seems clear from these provisions that the statute intends that a jury shall not be drawn until the action has been called for trial and that, as soon as the jury is completed, the jurors shall be sworn to try the cause and that, when so drawn and sworn, the trial shall proceed within a reasonable time thereafter. Under the circumstances disclosed by the bill of exceptions in the instant case, the postponement of the trial for one week after the jury had been selected was not within a reasonable time for the commencement of the trial and was a plain violation of the intention of the statute.

The defendant has assigned error upon other grounds, but since they are not likely to occur upon the next trial these errors need not now be referred to.

For these reasons, the judgment is reversed and the cause will be remanded to the court below for a new trial.

BELT, KELLY and CAMPBELL, JJ., concur.